UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| (1) JOANN L. KENNEDY, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>(1) LTI TRUCKING SERVICES, INC.<br><br>　　　　　　　Defendant. | Case No.<br><br>**COLLECTIVE & CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1.　　　This case is brought to remedy the failure of Defendant to pay Plaintiff and Class Members all wages required by federal and state wage and hour laws, including the Fair labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.

2.　　　Defendant LTI Trucking Services, Inc. (LTI) is owned and operated for the purpose of moving freight interstate for its customers at the lowest cost possible.

3.　　　Defendant controls Plaintiff's work and by law employs Plaintiff to transport goods by truck for LTI customers. Defendant controls when, where, and how Plaintiff delivers freight. It controls virtually every aspect of the way truckers work is performed, including routes taken and the equipment used, along with its maintenance and condition. Everything about Plaintiff's work is controlled by Defendant.

4.　　　Plaintiff seeks unpaid wages, liquidated damages, interest, costs and attorneys' fees as well as declaratory relief under the FLSA. Plaintiff brings this claim

1

individually and on behalf of other similarly situated employees under the collective action provisions of the FLSA. 29 U.S.C. § 216(b).

## JURISDICTION

5.  Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

6.  By the conduct described in this Class Action Complaint, Defendant has also violated the wage and hour laws of Missouri by failing to pay its employees proper minimum hourly wages. These violations arose out of Defendant's company-wide policies, and a pattern and practice of violating wage and hour laws.

## VENUE

7.  Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

8.  The amount in controversy is in excess of the sum or value of $5,000,000.00, exclusive of interest and costs.

9.  At least one member of the proposed class is a citizen of a state different from that of Defendant.

10. Plaintiff's claims involve matters of national or interstate interest.

11. The members of the proposed class retain citizenship dispersed among at least two states: Missouri and Michigan.

12. Defendant resides in Missouri, and is subject to personal jurisdiction in Missouri.

13. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District and Defendant resides in this District.

## PARTIES

### A. Plaintiffs

14. Plaintiff JoAnn Kennedy was an employee of Defendant.

15. Plaintiff JoAnn Kennedy brings claims under the Fair Labor Standards Act, individually and on behalf of a collective action class of all persons employed by Defendants between the period three years preceding the filing of their consent to sue in this case, and the date of final judgment in this matter.

16. Plaintiff was engaged in commerce in her work for Defendant.

### B. Represented Parties under FLSA

17. The term "Plaintiff" as used in this Complaint refers to the named Plaintiff as well as any additional represented Class Members pursuant to the collective action provision of 29 U.S.C. § 216(b).

18. The named Plaintiff represents all truckers who drive for LTI.

19. The named Plaintiff brings this case under the collective action provision of the FLSA as set forth in 29 U.S.C § 216(b) on behalf of herself and a class of persons

throughout the U.S. consisting of "all truckers who have driven for LTI within the last three years."

### C. Class Action Allegations

20. Plaintiff JoAnn Kennedy brings her First and Second Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of "all truckers who have driven for LTI within the last three years."

21. The term "Plaintiff" as used in this Complaint refers to the named Plaintiff and any additional represented Rule 23 Class Members.

22. Excluded from any Rule 23 or Collective Action Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from any Rule 23 Class.

23. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

24. Upon information and belief, the size of the Rule 23 Class is more than 450 workers.

25. Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether Defendant employed Plaintiff but treated her as an independent contractor.

   b. Whether Defendant failed to appropriately pay Plaintiff per mile driven, instead paying per zip code.

   c. Whether Defendant failed to pay Plaintiff for the time or miles spent performing mandatory clean ups of her truck after hauling food items.

   d. Whether Defendant's failure to pay wages for time spent performing mandatory activities resulted in minimum wage violations.

   e. Whether Defendant's failure to pay wages violates Missouri common law.

27. Plaintiff's claims are typical of the claims of the Class she seeks to represent. Plaintiff and the Class members work or have worked for Defendant and have been subjected to a policy and pattern or practice of failing to pay wages, and a pattern and practice of deceptive payment techniques that undercompensated truckers for work

5

performed. Defendant acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

28. Plaintiff will fairly and adequately represent and protect the interests of the Class.

    a. Plaintiff understands that, as class representative, she assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately.

    b. Plaintiff recognizes that as class representative, she must represent and consider the interests of the Class just as she would represent and consider her own interests.

    c. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Class.

    d. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.

    e. Plaintiff understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in her possession, and testify, if required, in a deposition and in trial.

29. Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation such as the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. In addition, class treatment is superior because it will eliminate the need for duplicative litigation that might result in inconsistent judgments regarding Defendant's practices.

**D. Defendants**

31. Upon information and belief, Defendant is a business corporation having an office and place of business in Missouri.

32. Defendant LTI is a Missouri corporation. LTI lists its headquarters and principal office address as 411 N. 10th St., Suite 500, St. Louis, MO 63101.

33. Defendant is an enterprise engaged in interstate commerce for purposes of the Fair Labor Standards Act.

34. All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

## FACTS

35. Plaintiff and collective action and Rule 23 Class Members are truck drivers.

36. Defendant LTI employed Plaintiff and contracted with her to pay a certain amount per mile driven.

37. LTI has failed to pay per mile driven, instead calculating wages via zip codes driven through, which almost always accumulates to lower wages.

38. LTI specializes in refrigerated transportation, which naturally translates into a high level of food being transported by its trucker employees.

39. LTI requires its trucker employees to haul such food items, and to take their truck to a facility in order to be cleaned out after hauling food items.

40. LTI did not compensate Plaintiff for the time spent performing mandatory cleanups, nor did it compensate Plaintiff for the miles driven to or from the cleanup facility.

41. LTI did not compensate Plaintiff or other class members for detention periods.  When workers were forced to wait for their loads to be offloaded once they reached their destination, LTI would force Plaintiff and Class members to sit for a minimum of two hours at the dock without pay while their trucks were being unloaded.

42. LTI employs or employed Plaintiff and Class members.

43. Defendant controlled Plaintiff's work to the extent that she was an employee of Defendant.

44. Defendant sets the terms of Plaintiff's work.

45. Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class.

46. Upon information and belief, Defendant applied the same unlawful policies and practices to employees in every state in which it operated.

## FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT)

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendant failed to pay minimum wages to Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.* and its implementing regulations.

49. Defendant's failure to pay proper minimum wages for each hour worked per week was willful within the meaning of the FLSA.

50. Defendant's failure to comply with the FLSA minimum wages protections caused Plaintiff to suffer loss of wages and interest thereon.

## SECOND CAUSE OF ACTION
## (MISSOURI LABOR LAW)

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendant failed to pay minimum wages and all wages due to Plaintiff JoAnn Kennedy and the Class in violation of Missouri's Labor and Industrial Relations laws. Mo. Rev. Stat. §§ 290.500-290.530.

53. Defendant's failure to comply with Missouri's Labor and Industrial Relations laws caused Plaintiff to suffer loss of wages and interest thereon. Mo. Rev. Stat. §§ 290.500-290.530.

**WHEREFORE**, Plaintiff requests that this Court enter an Order:

1. With respect to the FLSA violations

    a. Declaring that Defendants violated the FLSA;

    b. Approving this action as a collective action;

    c. Declaring that Defendants' violations of the FLSA were willful;

    d. Granting judgment to Plaintiffs and represented parties for their claims of unpaid wages as secured by the Fair Labor Standards Act, as well as an equal amount in liquidated damages and interest; and

    e. Awarding Plaintiff and represented parties their costs and reasonable attorneys' fees.

2. With Respect to the Class:

    a. Certifying this action as a class action;

    b. Designating Plaintiff as Class Representative;

    c. Designating the undersigned counsel as Class Counsel;

    d. Entering a declaratory judgment that the practices complained of herein are unlawful under appropriate respective state law;

    e. Fashioning appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

    f. Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendant according to proof;

    g. Awarding Pre-judgment and Post-judgment interest, as provided by law;

    h.  Granting such other injunctive and equitable relief as the Court may deem just and proper; and

    i.  Awarding attorneys' fees and costs of suit, including expert fees, interest, and costs.

    Menges Law, LLC

*[signature]*

Carson C. Menges, #58215
Menges Law, LLC
6400 W. Main St., Ste 1G
Belleville, IL 62223
618-277-6646
cmenges@mengesfirm.com