# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOANN L. KENNEDY, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:18-CV-00230-HEA |
| LTI TRUCKING SERVICES, INC., ) ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant LTI Trucking Services' Motion to Dismiss [Doc. No. 20]. For reasons set forth below, the Motion to Dismiss is granted in part and denied in part.

## Facts and Background[1]

Plaintiff Joann L. Kennedy is a truck driver and a former employee of Defendant, a trucking carrier. Plaintiff entered into an "Independent Contractor Operating Agreement" with Defendant, making her a "Lease Owner Operator." As a Lease Owner Operator, Plaintiff was classified as an independent contractor but was treated as an employee. Plaintiff alleges that Defendant failed to pay minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.* and

---

[1] The recitation of the facts is set forth for the purpose of this motion only. It in no way relieves the parties from the necessary proof of the facts in later proceedings.

Missouri's Labor and Industrial Relations laws, R.S.Mo § 290.500-290.530. Plaintiff alleges that the payment system used by Defendant failed to pay her per mile driven as agreed to under the contract and did not compensate her for time spent performing mandatory cleanups, travel to cleaning facilities, and post-arrival detention periods.

Plaintiff also alleges that the independent contractor operating agreement was unconscionable under Missouri statutory and common law because it was a contract of adhesion, was unilaterally terminable by Defendant, imposed severe financial consequences upon Plaintiff, forced Plaintiff's continued employment with Defendant, and was misrepresented as an independent contract relationship in order to shift business expenses to Plaintiff. Plaintiff also states that she was deceptively induced to enter the contract based on a per-mile payment system, while in practice she was paid based on the zip codes through which she traveled.

**Motion to Dismiss Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). "To survive a

motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Fed.R.Civ.P. 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## Minimum Wage Claims

Defendant argues that Plaintiff has only alleged general policies resulting in underpayment, citing this Court's order granting a motion to dismiss similar claims in *Wegat v. Prosteam Carpet Care LLC*, No. 4:16-CV-1931 HEA, 2017 WL 3458368 (E.D. Mo. Aug. 11, 2017). As with the FLSA and MMWL overtime claims in *Wegat*, Plaintiff in this case has failed to allege that she earned less than minimum wage in any workweek. Taking Plaintiff's allegations of fact as true, she may have plausibly alleged that she was paid less than she expected or to which she was entitled, but she has not necessarily alleged that she was paid less than the minimum wage per hour in any particular workweek. The Court will dismiss the minimum wage claims without prejudice. Plaintiff will be granted leave to file an amended complaint.

## Unconscionability Claim

Defendant argues that Plaintiff has not alleged facts demonstrating unconscionability. "Unconscionability has two aspects: procedural unconscionability and substantive unconscionability. Procedural unconscionability deals with the formalities of making the contract, while substantive unconscionability deals with the terms of the contract itself." *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. 2006) (citing *Bracey v. Monsanto Co., Inc.*, 823 S.W.2d 946, 950 (Mo. 1992)). To find a contract unconscionable,

Missouri courts examine the circumstances surrounding the transaction "to determine the objectively reasonable expectations of the parties and to the question of unconscionable unfairness imposed upon respondents under the terms of the form contract." *Heartland Computer Leasing Corp., Inc. v. Ins. Man, Inc.*, 770 S.W.2d 525, 528 (Mo. Ct. App. 1989). Plaintiff alleges that Defendant induced her acceptance of the contract by misrepresenting the nature of the agreement, which is a plausible allegation of procedural unconscionability. Plaintiff alleges that the terms of the agreement imposed the burdens of independent contract without the benefit of actual independence, demonstrating a plausible allegation of substantive unconscionability.

Plaintiff claims that the terms of the contract permit Defendant to terminate and initiate remedies as an "Event of Default." While Defendant disagrees with this interpretation, it is plausible under the terms of the contract, which provide for an "Event of Default" when the Plaintiff fails to enter into a new contract agreement, subject to Defendant's approval and "sole discretion," within five days of termination by any party. Defendant's other arguments only indicate remaining factual questions about the amount payable in the event of a default and nature of the working relationship under the independent operator agreement, rather than outright contradictions to Plaintiff's factual allegations.

Plaintiff has plausibly stated a claim of unconscionability. Defendant's motion to dismiss the unconscionability claim will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 20] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED** as to the minimum wage claims, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Amended Complaint in accordance with this Opinion, Memorandum, and Order within 14 days of the date of this Order.

Dated this 20th day of December, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE